IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES MOORE  #401009 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv150 |
| JAMES R. ZELLER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Moore, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moore complained of incidents occurring between March 28, 2002, and April 12, 2002. He signed his lawsuit on July 5, 2005, over three years later. On November 8, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed with prejudice as frivolous because the two-year statute of limitations had expired. The Magistrate Judge noted that Moore's Step Two grievance was answered in September of 2002, more than two years prior to the bringing of the lawsuit, and that Moore's state-court lawsuits did not toll the limitations period. Moore filed objections to the Magistrate Judge's Report on December 1, 2005.

In his objections, Moore says that the Magistrate Judge abused her discretion by not telling him that his lawsuit was not a proper document to file in the court; he says that the Magistrate Judge should have told him that "the appropriate legal issue was to appeal the Supreme Court's denial of review to the district court." This apparently refers to the denial of review of his state-court lawsuit by the Texas Supreme Court. He also says that the Magistrate Judge erred in recommending dismissal with prejudice and that he should have been given an opportunity to give reasons for the

filing of his lawsuit after the limitations period had expired. In an affidavit in support of his objections, Moore says that he exhausted all of his state court remedies by filing suit in state court, and that the statute of limitations should have tolled during this process.

Moore's objections are without merit. The Magistrate Judge could not give him legal advice on how to proceed and he cannot appeal a denial of review by the Texas Supreme Court to the federal district court. *See, e.g.,* Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986). The Magistrate Judge's recommendation that the case be dismissed with prejudice was not error. Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997). Moore's lengthy objections and "counter-affidavit" provided him ample opportunity to explain why his complaint was brought outside of the limitations period, but the only explanation he offered was that his state court lawsuits should have tolled this period. As the Magistrate Judge stated, this is incorrect; the state court lawsuits did not toll the limitations period because they were a remedy which he need not have pursued prior to coming to federal court. Gant v. Garofano, 119 Fed.Appx. 602 (5th Cir., December 16, 2004) (not selected for publication in the Federal Reporter), *citing* Holmes v, Texas A&M University, 145 F.3d 681, 685 (5th Cir. 1998). Because Moore was required to exhaust his administrative remedies prior to bringing suit in federal court, the time period for exhaustion of these remedies tolls the statute of limitations for a federal Section 1983 claim. The Magistrate Judge properly considered this and determined that because Moore's Step Two grievance was answered in September of 2002, his lawsuit was still filed outside of the limitations period. Moore's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 20 day of **December, 2005.**

_____
Thad Heartfield
United States District Judge